IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM M. PERMENTER | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-500 |
| ZENA STEPHENS, SHERIFF | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, William M. Permenter, a former pre-trial detainee at the Jefferson County Correctional Facility, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Petition

This petition was filed on November 15, 2022 (doc. #1). At that time, Petitioner was detained at the Jefferson County Correctional Facility, awaiting trial in Jefferson County, Texas. Petitioner complained that he was being held in extended pre-trial detention based on hearsay statements, that his court appointed counsel was ineffective, he was denied the ability to file pre-trial motions, and denied a writ of habeas. *Id*. On August 14, 2023, this court received notice that Petitioner was transferred from the Jefferson County Correctional Facility to the Beto Unit with the Texas Department of Criminal Justice, Correctional Institutions Division. Publicly available records

show that Petitioner was convicted on May 26, 2023, of the state charges on which he was previously being held.[1]

Discussion

Under Rule 4 of the Rule Governing Section 2254 Proceedings in the United States District Courts,[2] the court must review a petition for federal habeas corpus relief and dismiss it "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief."  After considering this petition and all matters of record, the undersigned recommends dismissing this petition for the foregoing reasons.

A state pretrial detainee is entitled, in some circumstances, to raise constitutional claims concerning the fact or duration of his detention in a habeas petition filed pursuant to 28 U.S.C. § 2241.  *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  But a pretrial detainee's § 2241 petition becomes moot if the detainee is convicted of the state charges pending against him. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982) (per curiam) (a pretrial detainee's claim to pretrial bail becomes moot once convicted); *see also Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) (pretrial detainee's § 2241 petition denied as moot after conviction); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (per curiam) (habeas petitions challenging the legality of pretrial detention are rendered moot by a conviction on the pending charges).  Petitioner is no longer a pretrial detainee in the Jefferson County Correctional Facility, and his claims arising from his pretrial detention should be dismissed as moot.

---

[1] https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=06912569.

[2] Rule 1 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules apply to any petition for a writ of habeas corpus filed in a federal district court, including those filed under 28 U.S.C. § 2241.  *See* Rule 1(b), Rules Governing Section 2254 Proceedings in the United States District Courts.

Under proper circumstances, a pretrial § 2241 petition may be re-characterized as a petition under 28 U.S.C. § 2254 after the petitioner is convicted in state court. *See Hartfield v. Osborne*, 808 F.3d 1066, 1071-74 (5th Cir. 2015). However, such a re-characterization is not proper under the circumstances as Petitioner has yet to appeal his conviction and/or file a petition for discretionary review and/or a state application for writ of habeas corpus.[3] Petitioner's claims regarding his court appointed counsel must be exhausted first.

Recommendation

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be dismissed.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts*,* conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile*

---

[3] https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c.

*Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P.

72.

**SIGNED this the 23rd day of April, 2024.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE